**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRIAN L. GORDON; LYNNE C. MYLIN;
NOEL K. BEALE,
Plaintiffs-Appellants,

No. 95-3162

v.

SERVICE AMERICA CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-94-1014-K)

Argued: October 29, 1996

Decided: July 23, 1997

Before RUSSELL and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Dale Oliver, BOWIE & JENSEN, Towson,
Maryland, for Appellants. John Desire Gianssello, III, ORRICK,
HERRINGTON & SUTCLIFFE, New York, New York, for Appellee.
**ON BRIEF:** Robert Richardson Bowie, Jr., BOWIE & JENSEN,
Towson, Maryland, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian K. Gordon, Lynne C. Mylin, and Noel K. Beale ("the appellants") appeal the district court's grant of summary judgment in their suit against their former employer, Service America Corporation.

I.

Appellants were employed as Directors of Sales for Service America's education division and were responsible for selling food service and catering contracts to schools and colleges. They also helped in client retention, known as a "rebid." Each appellant received compensation in the form of a base salary. If appellants surpassed certain sales goals set by Service America, they were entitled to bonuses, or "incentive pay." The conditions surrounding the achievement and payment of incentive pay were detailed in an agreement between the appellants and Service America, the Incentive Compensation Program ("ICP").

The ICP contained four provisions relevant to this appeal. First, the ICP required that participants be actively employed on the last day of an "accounting period" to qualify for an award. Second, the ICP provided that if an account was terminated for any reason, Service America would no longer award incentive pay for that account. Third, the ICP stated that bonuses would be paid only on "actual revenues." Finally, the ICP included a provision titled "interpretation." That provision read: "This Plan does not confer or create any rights for employees or any duties upon Service America Corporation. The Corporation will make the interpretations concerning the conditions and qualifications covered under this Plan. The Corporation reserves the right to modify, amend and discontinue the [P]lan at any time."

On July 30, 1993, Service America sold its education division to an unrelated third party. Appellants concede that they were at-will

2

employees, and that upon the sale of the division their employment with Service America ended. Following the sale, Service America did not pay any more incentive compensation to the appellants.

Appellants filed suit in Maryland state court to recover the incentive compensation to which they believed they were entitled. Service America removed the action to federal district court. Service America moved for summary judgment on three grounds. First, it argued that appellants Beale and Mylin had no cause of action under the Maryland Wage Payment and Collection Law[1] because they did no business in Maryland on behalf of Service America, and they had no other connection to Maryland. Second, it argued the appellants had not stated a valid cause of action. Finally, it argued appellants had no recovery in quantum meruit because the terms of the ICP governed the rights of the parties as to commissions and incentive compensation. The district court granted summary judgment in favor of Service America. Gordon, Mylin and Beale appeal the legal conclusions reached by the district court in its summary judgment decision.

We review a grant of summary judgment de novo . Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law, and there is no genuine issue of material fact in dispute. We sit in diversity in this case, and apply Maryland law.

II.

Under Mayland law, contract interpretation is a matter for the courts.[2] When the language of a contract is plain and unambiguous, there is no room for construction and the parties are presumed to have meant what the agreement states.[3] Ambiguity only exists if a reasonably prudent person could find more than one meaning of a term, not when one of the parties simply disagrees as to the meaning of the term.[4]

---

[1] Maryland state law allows an employee to sue for unpaid wages. Md. Code Ann., Lab. & Empl. § 3-505, 3-507.1 (1991 & Supp. 1995).
[2] **Suburban Hosp. Inc. v. Dwiggins** , 596 A.2d 1069, 1075 (Md. 1991).
[3] **Board of Trustees v. Sherman** , 373 A.2d 626, 629 (Md. 1977).
[4] **Board of Educ. v. Plymouth Rubber**, 569 A.2d 1288, 1296 (Md. Ct. Spec. App. 1990).

Furthermore, Maryland law requires that a contract be read in its entirety. That is, courts should not interpret a portion of a contract in such a manner as to render other parts of the contract meaningless.[5] We believe the relevant terms of the ICP are stated in clear and unambiguous language. Therefore, the ICP controls the outcome of this appeal.

The ICP states that an employee must be employed by Service America on the last day of an accounting period to be entitled to bonus payments. It further provides that bonuses will be paid only on "actual revenues," and that no bonuses will be paid if an account stops being an account of Service America.

The appellants were not employees of Service America on the applicable date. When Service America sold the division, the appellants had left the employ of Service America and became employees of the buyer. Likewise, the accounts that were sold were no longer Service America accounts. Finally, "actual revenue" in this context can only mean income generated from ongoing operations, not payment received for the sale of an asset. These are the plain and unambiguous meanings of these terms as applied to the facts of this case.

Appellants raise three arguments to defeat the district court's analysis, which parallels our own. They first argue that Service America voluntarily sold the division, making it impossible for appellants to be employed on the proper date, and this condition of the contract should be excused.

Appellants' contention fails. When a condition is stated in unmistakable language, as this condition was, it should not be excused to avoid a forfeiture.[6] Moreover, when foreseeable events arise that render fulfillment of a condition an impossibility, excuse of the condition is not warranted.[7] The appellants were at-will employees, they knew the terms of the ICP, and that Service America had the right to sell

---

[5] **Sagner v. Glenangus Farms, Inc.**, 198 A.2d 277, 283 (Md. 1964).
[6] Restatement (Second) of Contracts § 227 cmt. b, § 229 cmt. a (1981). Appellants' reliance on § 227 is self-defeating.

[7] **Stone v. Stone**, 368 A.2d 496, 501 n.2 (Md. Ct. Spec. App. 1977).

4

its business if it so chose. Thus, appellants could have anticipated events that led to their not being employed on the last day of an accounting period. Our finding makes it unnecessary to address appellants' other contentions on their breach of contract claim.

Appellants also assert they are entitled to recover in quantum meruit. On this theory, they believe the bonuses should be paid because they worked hard at their jobs and expected to be paid. However, Mayland law requires the plaintif asserting quantum meruit to show an express or implied agreement to pay for the services.[8] Here, the ICP and its terms form the express agreement. The ICP clearly indicated the circumstances under which Service America would and would not make payment. This argument fails.

Finally, appellants rely on the Maryland Wage Payment and Collection statute. That statute provides a mechanism for terminated employees to collect earned compensation after termination. Here, because the ICP governs, there is no compensation for the appellants to collect. Thus, they have no cause of action under the statute.

III.

For the foregoing reasons, the judgment below is affirmed.

AFFIRMED

_____

[8] **Prince George's County v. Chillum-Adelphi Volunteer Fire Dep't.**, 340 A.2d 265, 274 (Md. 1975) (citation omitted).

5